JOHN RUSSELL EMERSON (*pro hac vice*)
(russ.emerson@haynesboone.com)
STEPHANIE N. SIVINSKI (*pro hac vice*)
(stephanie.sivinski@haynesboone.com)
MATTHEW P. CHIARIZIO (*pro hac vice*)
(matthew.chiarizio@haynesboone.com)
JAMIE RAJU (*pro hac vice* to be filed)
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Phone: (214) 651-5000
Fax: (214) 200-0615

Attorneys for Defendants HighRel, Inc.; HiCon USA LLC; Hwang; and Schubring

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Plastronics Socket Partners, Ltd.; Plastronics H-Pin, Ltd.<br><br>Plaintiffs,<br>v.<br><br>HighRel, Inc., HiCon USA, LLC; Dong Weon Hwang; and Paul Schubring<br><br>Defendants. | Case No. CV-18-03201-P-SPL<br><br>**PAUL SCHUBRING'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND REQUEST FOR INJUNCTION** |

Defendant Paul Schubring hereby Answers and pleads his Defenses to Plaintiffs' First Amended Complaint and Request for Injunction (Dkt. 11). These responses, defenses, and counterclaims are made solely on behalf of Mr. Schubring and are not made on behalf of HighRel, Inc. ("HighRel"), HiCon USA, LLC ("HiCon USA"), or Dong Weon Hwang ("Mr. Hwang").

**I.  ANSWER**

## INTRODUCTION

1.  Mr. Schubring admits that this purports to be an action for patent infringement, breach of contract for violation of confidentiality obligations, willful and

1

malicious trade secret misappropriation under federal and state law, tortious interference with contractual relations, and breach of fiduciary duty.

2. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and accordingly denies the same.

3. Mr. Schubring admits that Mr. Hwang is a former Plastronics employee who served as Plastronics' Chief Technology Officer. Mr. Schubring denies the remaining allegations in Paragraph 3.

4. Mr. Schubring admits that he is a former Plastronics employee. Mr. Schubring denies the remaining allegations of Paragraph 4.

5. Denied.

6. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and accordingly denies the same.

7. Admitted.

8. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 relating to Mr. Hwang's knowledge or use of confidential Plastronics information, and accordingly denies the same. Mr. Schubring denies the remaining allegations of Paragraph 8.

9. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and accordingly denies the same.

10. Denied.

11. Denied.

12. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 relating to why this action was brought, and accordingly denies the same. Mr. Schubring denies the remaining allegations of Paragraph 12.

## THE PARTIES

13. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and accordingly denies the same.

14. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and accordingly denies the same.

15. Admitted.

16. Admitted.

17. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and accordingly denies the same.

18. Admitted.

## **JURISDICTION AND VENUE**

19. Mr. Schubring restates each response set forth herein and incorporates them herein.

20. Mr. Schubring admits that Plaintiffs have attempted to file a complaint asserting a patent-infringement claim against defendants HiCon USA and HighRel arising under the Patent Laws of the United States, Title 35 of the United States Code. Mr. Schubring denies all remaining allegations in Paragraph 20.

21. Denied.

22. Mr. Schubring admits that U.S. district courts have original and exclusive subject matter jurisdiction over claims arising under the Federal Defend Trade Secrets Act based on 28 U.S.C. §§ 1331.

23. Mr. Schubring admits that this purports to be an action for misappropriation of trade secrets under Arizona law, breach of contract, breach of fiduciary duty, and tortious interference with business relations.

24. Paragraph 24 states a conclusion of law to which no response is required.

25. Paragraph 25 states a conclusion of law to which no response is required.

26. Mr. Schubring admits that he is subject to general personal jurisdiction in Arizona. Mr. Schubring denies the remaining allegations of Paragraph 26.

27. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and accordingly denies the same.

28. Mr. Schubring admits that this Court has personal jurisdiction over HiCon USA. Mr. Schubring denies that HiCon is an Arizona limited liability company. Mr. Schubring admits that HiCon USA has sold the Hi-CONTACT pin to a customer in Arizona. Mr. Schubring admits that HiCon USA has entered a distribution agreement with HiCon Co. Mr. Schubring admits that HiCon USA conducts business in Arizona. Mr. Schubring denies the remaining allegations in Paragraph 28.

29. Mr. Schubring admits that the Court has personal jurisdiction over HighRel. Mr. Schubring admits that HighRel is a corporation organized under the laws of the state of Arizona. Mr. Schubring admits that HighRel conducts business in the state of Arizona. Mr. Schubring denies the remaining allegations in Paragraph 29.

30. Mr. Schubring admits that this District is a proper venue for the claims alleged against him, HighRel, and HiCon USA. Mr. Schubring lacks information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30, and accordingly denies the same.

## FACTUAL BACKGROUND

31. Mr. Schubring restates each response set forth herein and incorporates them herein.

32. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and accordingly denies the same.

33. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and accordingly denies the same.

34. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and accordingly denies the same.

35. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and accordingly denies the same.

### A. Hwang's Employment with Plastronics

36. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and accordingly denies the same.

37. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and accordingly denies the same.

38. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and accordingly denies the same.

39. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and accordingly denies the same.

40. Mr. Schubring admits that Mr. Hwang and Plastronics Socket entered a Royalty Agreement. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40 and accordingly denies the same.

41. Mr. Schubring admits that Mr. Hwang and Plastronics Socket entered an Assignment Agreement. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 41 and accordingly denies the same.

42. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and accordingly denies the same.

43. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and accordingly denies the same.

44. Mr. Schubring admits that Paragraph 44 attempts to recite claim 1 of the '602 Patent, but the recital contains typographical errors. Mr. Schubring admits that Exhibit A to the Complaint appears to be a copy of the '602 Patent. Mr. Schubring denies all remaining allegations in Paragraph 44.

45. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and accordingly denies the same.

46. Mr. Schubring denies that HighRel is a customer of Plastronics Socket. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 46 and accordingly denies the same.

47. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and accordingly denies the same.

48. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and accordingly denies the same.

### B. Schubring's Employment with Plastronics

49. Admitted.

50. Mr. Schubring admits that he was employed by Plastronics beginning on or about October 8, 2007. Mr. Schubring denies all remaining allegations in Paragraph 50.

51. Mr. Schubring admits that he signed a proprietary information agreement with Plastronics. Mr. Schubring admits that the proprietary information agreement acknowledges the existence of certain proprietary materials which the agreement refers to as "Proprietary Material." Mr. Schubring denies all remaining allegations in Paragraph 51.

52. The agreement speaks for itself, and no further response is required to Paragraph 52. To the extent a response is required, Mr. Schubring denies all allegations in Paragraph 52.

53. The agreement speaks for itself, and no further response is required to Paragraph 53. To the extent a response is required, Mr. Schubring denies all allegations in Paragraph 53.

54. Admitted.

55. Mr. Schubring admits that the Termination Letter stated that provisions of the proprietary information agreement would remain in force, except for a single provision regarding non-solicitation. Whether or not Mr. Schubring had a duty to hold proprietary materials in confidence and whether that duty remained in place are legal conclusions to which no response is required. To the extent a response is required, Mr. Schubring denies all remaining allegations in Paragraph 55.

### C. Hwang's Post-Plastronics Activities – Hwang Builds Competing Business in Korea

56. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 and accordingly denies the same.

57. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 and accordingly denies the same.

58. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 and accordingly denies the same.

59. Mr. Schubring admits that paragraph 59 accurately lists HiCon Ltd.'s website and that the listed website lists products called Hi-CONTACT, Hr-CONTACT, and Hs-CONTACT. Mr. Schubring admits that Exhibit B to the complaint appears to be a copy of the HiCon Ltd. home page. Mr. Schubring acknowledges that this paragraph also includes pictures from the HiCon Ltd. home page. Mr. Schubring denies all remaining allegations in Paragraph 59.

60. HiCon Co. is the sole proprietorship of Mr. Hwang. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and accordingly denies the same.

### D. Schubring's Post-Plastronics Activities – Schubring Builds Competing Business in Arizona

61. Admitted.
62. Admitted.
63. Denied.

### E. Hwang and Schubring Join Forces to Bring Competing Businesses to Arizona and North America, Infringe the '602 Patent, and Misappropriate Plastronics' trade secrets

64. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 and accordingly denies the same.

65. Mr. Schubring admits that HiCon USA signed a distribution agreement with HiCon Co. relating to the United States, Mexico, and Canada. Mr. Schubring denies the remaining allegations of Paragraph 65.

66. Denied.

67. Mr. Schubring admits that on August 24, 2017 HighRel contacted Plastronics Socket to inform Plastronics Socket that HighRel had just signed an exclusive distribution agreement. Mr. Schubring admits that HiCon USA entered a distribution agreement with HiCon Co. on or about August 24, 2017 and that a redacted copy of that agreement is attached as Exhibit H. Mr. Schubring denies the remaining allegations of Paragraph 67.

68. Mr. Schubring lacks information sufficient to form a belief about the truth of the allegations regarding whether Plastronics has consented to any transfer or license, and accordingly denies same. Mr. Schubring denies the remaining allegations of Paragraph 68.

69. Mr. Schubring lacks information sufficient to form a belief about the truth of the allegations regarding whether Plastronics has consented to any transfer or license, and accordingly denies same. Mr. Schubring denies the remaining allegations of Paragraph 69.

70. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and accordingly denies the same.

71. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 and accordingly denies the same.

72. Denied.

73. Denied.

74. Mr. Schubring denies that HiCon USA is HiCon Ltd.'s distributor. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 74 and accordingly denies the same.

75. Mr. Schubring denies that HiCon USA purchases products from HiCon Ltd. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 75 and accordingly denies the same.

76. Mr. Schubring admits that NXP and Intel are customers of HighRel and that NXP has purchased at least one of the Accused Devices from HighRel. Mr. Schubring denies that NXP or Intel began purchasing products from HighRel because of any improper conduct on Mr. Schubring's part. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and accordingly denies the same.

77. Mr. Schubring admits that he was aware of the '602 Patent since at least October 8, 2007. Mr. Schubring denies the remaining allegations of Paragraph 77.

78. Mr. Schubring admits that he was aware of the '602 Patent since at least October 8, 2007. Mr. Schubring denies the remaining allegations of Paragraph 78.

79. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and accordingly denies the same.

80. Mr. Schubring admits that HighRel is a competitor of Plastronics Socket and denies that HighRel is a competitor of Plastronics H-Pin. Mr. Schubring denies that HiCon USA is a competitor of Plastronics Socket or Plastronics H-Pin. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 80 and accordingly denies the same.

81. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 and accordingly denies the same.

82. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and accordingly denies the same.

83. Denied.

84. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 and accordingly denies the same.

85. Denied.

86. Denied.

87. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 and accordingly denies the same.

## COUNT I – PATENT INFRINGEMENT BY HICON USA

88.–107. Count I is alleged only against HiCon USA, and therefore no response is needed from Mr. Schubring.

## COUNT II – PATENT INFRINGEMENT BY HIGHREL

108.–127. Count II is alleged only against HighRel, and therefore no response is needed from Mr. Schubring.

## COUNT III – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE FEDERAL DEFEND TRADE SECRETS ACT BY HWANG

128.–141. Count III is alleged only against Mr. Hwang, and therefore no response is needed from Mr. Schubring.

## COUNT IV – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE ARIZONA UNIFORM TRADE SECRETS ACT BY HWANG

142.–153. Count IV is alleged only against Mr. Hwang, and therefore no response is needed from Mr. Schubring.

## COUNT V – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE FEDERAL DEFEND TRADE SECRETS ACT BY SCHUBRING

154. Mr. Schubring restates each response set forth herein and incorporates them herein.

155. Mr. Schubring admits that Plastronics purports to bring this action under the Defend Trade Secrets Act. Mr. Schubring denies the remaining allegations of Paragraph 155.

156. Mr. Schubring admits that Plastronics purports to bring this claim based upon alleged misappropriation of information relating to socket and contact technology. Mr. Schubring denies the remaining allegations of Paragraph 156.

157. Denied.

158. Denied.

159. Denied.

160. Mr. Schubring admits that he signed a proprietary information agreement with Plastronics. Mr. Schubring denies the remaining allegations of Paragraph 160.

161. Denied.

162. Denied.

163. Mr. Schubring admits that he was employed by Plastronics. Mr. Schubring admits that he signed a proprietary information agreement with Plastronics. Mr. Schubring denies the remaining allegations of Paragraph 163.

164. Denied.

165. Denied.

166. Denied.

167. Mr. Schubring admits that Plastronics appears to request equitable relief in its complaint. Mr. Schubring denies the remaining allegations of Paragraph 167.

## **COUNT VI – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE ARIZONA UNIFORM TRADE SECRETS ACT BY SCHUBRING**

168. Mr. Schubring restates each response set forth herein and incorporates them herein.

169. Mr. Schubring admits that Plastronics purports to bring this action under the Arizona Uniform Trade Secrets Act. Mr. Schubring denies the remaining allegations of Paragraph 169.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Mr. Schubring admits that Plastronics appears to request equitable relief in this complaint. Mr. Schubring denies the remaining allegations of Paragraph 179.

### COUNT VII – BREACH OF CONTRACT, THE CONFIDENTIAL INFORMATION ACKNOWLEDGEMENT AGREEMENT, BY HWANG

180.–198. Count VII is alleged only against Mr. Hwang, and therefore no response is needed from Mr. Schubring.

### COUNT VIII – BREACH OF FIDUCIARY DUTY BY HWANG

199.–208. Count VIII is alleged only against Mr. Hwang, and therefore no response is needed from Mr. Schubring.

### COUNT IX – BREACH OF CONTRACT, THE SCHUBRING PROPRIETARY INFORMATION AGREEMENT, BY SCHUBRING

209. Mr. Schubring restates each response set forth herein and incorporates them herein.

210. Denied.

211. Denied.

212. Mr. Schubring admits that Plastronics Socket is a party to the proprietary information agreement. Mr. Schubring denies the remaining allegations in Paragraph 212.

213. Denied.

214. Denied.

215. Denied.

216. Denied.

217. Mr. Schubring lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 217 and accordingly denies the same.

218. Denied

219. Denied.

220. Denied.

221. Denied.

222. Denied.

| | |
|---|---|
| 1 | 223. Denied. |
| 2 | 224. Denied. |
| 3 | 225. Denied. |
| 4 | 226. Denied. |
| 5 | 227. Denied. |

## COUNT X – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY, PROSPECTIVE BUSINESS RELATIONS BY ALL DEFENDANTS

228. Mr. Schubring restates each response set forth herein and incorporates them herein.

229. Denied.

230. Denied.

231. Denied.

232. Denied.

233. Denied.

## EXCEPTIONAL CASE

234.–237. The allegations giving rise to Plastronics' claim that this is an exceptional case are not made against Mr. Schubring. Accordingly, no response from Mr. Schubring is needed.

## EXEMPLARY DAMAGES UNDER DTSA

238. Mr. Schubring restates each response set forth herein and incorporates them herein.

239. Denied.

## EXEMPLARY AND/OR PUNITIVE DAMAGES UNDER ARIZONA LAW

240. Mr. Schubring restates each response set forth herein and incorporates them herein.

241. Denied.

## ATTORNEY'S FEES UNDER DTSA

242. Mr. Schubring restates each response set forth herein and incorporates them herein.

243. Denied.

## ATTORNEY'S FEES UNDER ARIZONA LAW

244. Mr. Schubring restates each response set forth herein and incorporates them herein.

245. Mr. Schubring admits that this is a correct recitation of the cited statute.

246. Denied.

## DEMAND FOR TRIAL BY JURY

247. No response to Paragraph 247 is necessary.

## PRAYER FOR RELIEF

248. Mr. Schubring denies that Plastronics is entitled to any of the relief requested in Paragraph 248.

## II. AFFIRMATIVE DEFENSES

Mr. Schubring asserts the following affirmative defenses and reserves the right to assert additional affirmative defenses as they become known through the course of discovery in this matter.

1. **Statute of Limitations:** Plaintiffs' claims against Mr. Schubring are barred either wholly or in part by the statute of limitations of A.R.S. § 12-548 (six years) and/or A.R.S. § 44-406 (three years). Plaintiffs' claims under the DTSA are barred by the statute of limitations under 18 U.S.C. § 1836(d) (three years).

2. **Laches**: Plaintiffs' claims against Mr. Schubring are barred by the doctrine of laches, as Plaintiffs unreasonably delayed in suing Mr. Schubring for conduct that occurred in 2009.

3. **Preemption**: Plaintiffs' claim for tortious interference with business expectancy is barred by the AUTSA.

4. **Failure to State a Claim:** Plaintiffs' claims against Mr. Schubring are barred either wholly or in part because they fail to state a claim for which relief can be granted.

5. **Privilege**: Plaintiffs' claim of tortious interference with prospective relations is barred either wholly or in party by the doctrine of privilege.

6. **Release**: Plaintiffs' breach-of-contract claims against Mr. Schubring are barred either wholly or in part because Plaintiffs knew of Mr. Schubring's alleged actions and released, either expressly, impliedly, or equitably, any right for which they now seek redress. Plaintiffs further specifically released Mr. Schubring from the non-solicitation provisions of his proprietary information agreement.

7. **Unclean Hands**: Plaintiffs' claims against Mr. Schubring are barred either wholly or in part by Plaintiffs' unclean hands.

8. **Mitigation of Damages:** Plaintiffs' claims against Mr. Schubring are barred either wholly or in part because Plastronics failed to mitigate any alleged damages.

9. **No Injury:** Plaintiffs' claims against Mr. Schubring are barred either wholly or in part because Plaintiffs have sustained no injury in fact.

10. **Injunctive Relief Barred:** Plaintiffs' claims for injunctive relief are barred because an adequate remedy at law exists.

11. **Limitation on damages**: Plaintiffs' claim for exemplary damages are limited by at least A.R.S. § 44-403 and the Due Process Clause of the United States Constitution.

12. **Reservation:** Mr. Schubring reserves the right to supplement or amend these affirmative defenses as discovery proceeds in this case.

HAYNES AND BOONE, LLP

 /s/  *Stephanie N. Sivinski*
John Russell Emerson (*pro hac vice*)
Stephanie N. Sivinski (*pro hac vice*)
Matthew P. Chiarizio (*pro hac vice*)
Jamie Raju (*pro hac vice* to be filed)

Attorneys for Defendants HighRel, Inc.; HiCon USA, LLC; Dong Weon Hwang; and Paul Schubring

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2018, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

 /s/  *Stephanie N. Sivinski*