**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Plastronics Socket Partners Limited, et al., | No. CV-18-03201-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Highrel Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs Plastronics Socket Partners, Limited and Plastronics H-Pin, Limited's ("Plaintiffs") Motion for Leave to Voluntarily Dismiss the Second Amended Complaint Without Prejudice and Memorandum in Support. (Doc. 76, "Mot." or "Motion.") Defendants HighRel, Incorporated, HiCon USA LLC, Dong Weon Hwang, and Paul Schubring ("Defendants") responded and Plaintiffs replied. (Doc. 77, "Resp."; Doc. 80, "Repl.") Plaintiffs "for strategic reasons respectfully move . . . for leave to dismiss the Second Amended Complaint ("SAC") without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Mot. at 2.) Neither party requested oral argument and the Court elects to resolve the Motion without it. LRCiv 7.2(f). Having considered the pleadings and procedural history of the case, the Court grants the Motion as explained below.

## I.     PROCEDURAL BACKGROUND

Plaintiffs initially filed this action on October 5, 2018. (Doc. 1.) They amended their complaint five days later. (Doc. 11, "FAC.") Defendants then moved to dismiss the FAC

for failure to state a claim and lack of subject-matter jurisdiction. (Docs. 20, 31, 41.) The Court partially granted the first two motions and fully granted the third. (Docs. 58, 59). After the motions were resolved, Plaintiffs amended the FAC on June 21, 2019. (Doc. 60, "SAC.") Almost a month later, Plaintiffs filed a notice of voluntary dismissal, to which Defendants opposed. (Docs. 65, 66.) After opposing their notice of voluntary dismissal, Defendants moved to dismiss for lack of subject matter jurisdiction. (Doc. 67.) Shortly thereafter, the Court deemed Plaintiffs' notice of voluntary dismissal withdrawn and ordered them to submit a motion for voluntary dismissal by September 6, 2019.[1] (Doc. 72.) Two days before that deadline, Plaintiffs simultaneously responded to Defendants' motion to dismiss for lack of subject matter jurisdiction and moved for voluntary dismissal again, but under Rule 41(a)(2).[2] (Doc. 76, Mot. at 2).

Because Defendants have answered and not stipulated to dismissal, Plaintiffs can voluntarily dismiss this case only with the Court's permission. Fed. R. Civ. P. 41(a)(2). With these facts in mind, the Court turns to Plaintiffs' request.

## II.    LEGAL STANDARD

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.* "Unless the order states otherwise," as the Rule states, "a dismissal under this paragraph (2) is without prejudice." *Id.*; *see United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999) (noting how, under this Rule, "the suit may be dismissed with or without prejudice, and the dismissal may be conditioned on terms that are proper and necessary to avoid prejudice to the defendant."). In a nutshell, Rule 41(a)(2) requires a two-step analysis: (1) whether to dismiss; and if so, (2) whether to do so with or without prejudice and on what terms. Fed. R. Civ. P. 41(a)(2).

## III.    DISCUSSION

### A.    __All Parties Agree Dismissal Is Appropriate.__

Whether to dismiss under Rule 41(a)(2) is committed to the trial court's sound

---

[1] The Court withdrew Plaintiffs' notice because Defendants already answered and the parties did not stipulate to dismissal. (*See* Docs. 65, 66, 72.)
[2] Defendants also later moved for a protective order "seek[ing] protection from [ ] needless discovery." (Doc. 79 at 5.)

discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). A court should grant a Rule 41(a)(2) motion for voluntary dismissal "unless a defendant can show that it will suffer some plain legal prejudice as a result [of dismissal]." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (emphasis added). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Lenches*, 263 F.3d at 976 (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982)). Moreover, no legal prejudice results just because "the threat of future litigation . . . causes uncertainty" or "a dispute remains unresolved." *Westlands*, 100 F.3d at 96-97. The mere "inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations [also] does not constitute prejudice." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994) (citing *Hamilton*, 679 F.2d at 145).

Here, "Defendants do not dispute that dismissal of this action is appropriate." (Resp. at 2.) In other words, Defendants make no argument that they would suffer legal prejudice as a result of dismissal. *Smith*, 263 F.3d at 975. Because all parties agree dismissal is appropriate, the Court likewise finds it appropriate. The only pending question is whether to do so with or without prejudice. This is the principal issue before the Court.

**B. <u>Dismissal *Without* Prejudice Is Appropriate.</u>**

"Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance upon such terms and conditions as the court deems proper." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) (quotations omitted). Such a "broad grant of discretion does not contain a preference for one kind of dismissal or another." *Id.* Although "Rule 41 provides that orders that fail to specify whether dismissal is with or without prejudice are to be interpreted as dismissals without prejudice[,] . . . this default position applies to the interpretation of a silent order, not to the district court's discretionary decision in the first instance." *Id.*; *see Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001)

(construing Rule 41(b)'s similar text as "nothing more than a default rule for determining the import of a dismissal").

Plaintiffs request dismissal *without* prejudice for unidentified "strategic reasons." (Mot. at 2.) They present three main reasons for why dismissal without prejudice is appropriate. (*Id.* at 3-5.) First, they claim dismissal without prejudice "will not deprive Defendants of any legal claim or argument." (*Id.* at 4.) In other words, they claim the "arguments and claims presently available to Defendants . . . would still be available to them in any subsequent suit Plaintiffs might bring." (*Id.*) Second, they claim "Defendants have not asserted any counterclaims." (*Id.*) Lastly, they claim Defendants have only "thus far litigated this case solely on threshold issues such as standing or dismissal[.]" (*Id.*; *see* Repl. at 9 ("[t]his litigation has not progressed too far").)

Additionally, Plaintiffs claim only dismissal without prejudice is appropriate because they lack standing to bring suit. (*See* Repl. at 2 ("Lack of Standing Warrants Only Dismissal Without Prejudice").) Setting aside the fact that Plaintiffs concede they lack standing, they seek to voluntarily dismiss their SAC, and the Court does not decide the merits of whether they have standing to bring their claims here. (*See id.* at 2-5; *see also* Resp. at 3-4.) Nevertheless, Plaintiffs cite caselaw concerning dismissal without prejudice for lack of standing to argue their SAC should be dismissed without prejudice.[3] (*See* Repl.

---

[3] These cases include: (1) *Schmier v. United States Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (finding district court's dismissal with prejudice appropriate because appellant "could not have possibly amended his complaint to allege [Article III] injury in fact"); (2) *Terraspan, LLC v. Rave, LLC*, No. C 12-06298 JSW, 2014 WL 12644018, at *2 (N.D. Cal. Mar. 14, 2014) (dismissing without prejudice under Rule 41(a)(2) where both parties sought to dismiss plaintiff's claims "based on its lack of standing"); (3) *Joint Marketing Int'l, Inc. v. L&N Sales and Marketing, Inc.*, No. 05-CV-4818 (DLI)(VVP), 2006 WL 1995130, at *5 (E.D.N.Y. July 14, 2006) (granting Rule 12(b)(7) motion to dismiss for failure to join indispensable party, which obviated plaintiff's standing to sue); (4) *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1333 (Fed. Cir. 2009) (reviewing district court's dismissal with prejudice for lack of standing); (5) *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1305 (Fed. Cir. 2018) (analyzing whether dismissal with prejudice for lack of standing meant appellees were "prevailing parties" under 35 U.S.C. § 285 (2012)); (6) *Fieldturf, Inc. v. Southwest Recreational Indus., Inc.*, 357 F.3d 1266, 1269-70 (Fed. Cir. 2004) (remanding issue of whether dismissal for lack of standing should be with or without prejudice and noting that dismissal for lack of standing is ordinarily without prejudice); (7) *Fulfillium, Inc. v. ReShape Med., Inc.*, Case No. CV 17-08419-RGK-PLA, 2018 WL 6131162, at *3 (C.D. Cal. Oct. 9, 2018) (dismissing claims without prejudice *sua sponte* for lack of subject matter jurisdiction); and (8) *FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.*, No.: 3:15-cv-01879-BEN-BLM,

at 2-3.) Although the Court is not dismissing for lack of standing, these cases are instructive given Plaintiffs' concession and Defendants' argument that no standing exists.[4] (*See* Repl. at 2; *see also* Resp. at 3-4.)

On the other hand, Defendants assert five main reasons for why dismissal with prejudice is appropriate. (Resp. at 4-6.) First, they argue Plaintiffs "seek[] a voluntary dismissal to avoid a near-certain adverse ruling" on their pending Rule 12(b)(1) motion to dismiss. (*Id.* at 4-5.) Second, they argue "dismissal with prejudice will enable [Plaintiffs] to engage in forum shopping." (*Id.* at 5.) Third, they claim dismissal with prejudice is necessary to deny Plaintiffs "the continued opportunity to threaten litigation and abuse the justice system." (*Id.*) Fourth, they argue Plaintiffs have no viable patent-infringement or trade secret claims. (*Id.* at 6-7.) Lastly, they claim the litigation has progressed too far to not warrant dismissal with prejudice.[5] (*Id.* at 7-8.) The Court finds none of Defendants' arguments persuasive.

Instead, the Court finds dismissal *without* prejudice more appropriate for three reasons. First, Defendants have not established they will suffer plain legal prejudice if the SAC is dismissed without prejudice. *Smith*, 263 F.3d 975-76. Their theory that Plaintiffs only filed this Motion to avoid a near certain adverse ruling is entirely speculative, especially when the Court has not yet adjudicated whether the SAC states a claim. Furthermore, Defendants have not asserted any counterclaims and the case is still in its early stages. Lastly, the threat of future litigation or the fact that Defendants have expended effort in defending this case, still in its early stages, is not legal prejudice. *Westlands*, 100 F.3d at 96, 97; *Hyde & Drath*, 24 F.3d at 1169. Absent any manifest harm to Defendants by permitting Plaintiffs' the *possibility* of refiling, dismissal without prejudice is warranted and in the interests of justice. *Hargis*, 312 F.3d at 412.

---

2017 WL 2349031, at *9 (S.D. Cal. May 26, 2017) (dismissing without prejudice for lack of subject matter jurisdiction).

[4] Plaintiffs also cite to Rule 41(b) for the proposition that dismissal should be without prejudice because even the default reading of an involuntary dismissal for lack of jurisdiction is without prejudice. (Repl. at 4.)

[5] Plaintiffs deny they are seeking to avoid an adverse ruling or forum shop, or that they have been dilatory in pursing their claims. (*See* Repl. at 5-9.)

Second, Defendants do not oppose Plaintiffs' request for voluntary dismissal. (*See* Resp. at 2.) Instead of opposing dismissal, Defendants consent to dismissal in an effort to obtain a possible dismissal *with* prejudice (i.e. an adjudication on the merits). If Defendants desire a merits-based adjudication, they should have opposed voluntary dismissal in the first instance.

Third, and relatedly, the Court has yet to rule on the merits of this case. In fact, Plaintiffs concede they currently lack standing to sue, which generally requires dismissal without prejudice because it is not an adjudication on the merits.[6] *See Univ. of Pittsburgh*, 569 F.3d at 1332 (discussing that because dismissal for lack of standing is not an adjudication on the merits, it should usually be without prejudice). Because both parties seem to agree Plaintiffs lack standing, and dismissal for lack of standing is ordinarily without prejudice, this concession favors dismissing without prejudice. To close the Court's doors and prevent Plaintiffs from ever bringing these claims again in the future is unwarranted, even considering this Court's broad discretion to do so. *Hargis*, 312 F.3d at 412.

Accordingly,

**IT IS ORDERED GRANTING** Plaintiffs' Motion for Leave to Voluntarily Dismiss the Second Amended Complaint Without Prejudice and Memorandum in Support. (Doc. 76.) The Second Amended Complaint, (Doc. 60), is dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(2);

**IT IS FURTHER ORDERED DENYING AS MOOT** Defendants' Motion to Dismiss Claims Against Highrel and Hicon USA for Lack of Subject-Matter Jurisdiction and Memorandum in Support, (Doc. 67), and Plaintiffs' Motion for Protective Order; Memorandum in Support, (Doc. 79);

---

[6] Relatedly, that the default reading of Rule 41(b) dismissals for lack of jurisdiction is without prejudice also favors dismissal without prejudice here. Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** directing the Clerk of Court enter judgment of dismissal and terminate this action.

Dated this 21st day of January, 2020.

Honorable Susan M. Brnovich
United States District Judge